Thomas Watson v. Commissioner.
Watson v. Commissioner
Docket No. 2363.
United States Tax Court
1945 Tax Ct. Memo LEXIS 48; 4 T.C.M. (CCH) 980; T.C.M. (RIA) 45330; October 31, 1945
Thomas Watson, Esq., pro se. J. Harrison Miller, Esq., Hartford Allen, Esq., and Robert H. Kinderman, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $2,382.78 in income tax for the calendar year 1929, and a 25 per cent addition thereto for failure to file a return. Later, by an amendment to his answer filed after the case had once been set for hearing, he alleged that the failure to file a return and include thereon certain stated items of income was due to fraud with intent to evade tax. The petitioner contends that he filed a timely return and that the statute of limitations had run prior to the mailing of the notice of deficiency. He also alleges, in the alternative, that the respondent, in determining the deficiency, committed a number of errors in failing to allow deductions and credits. Findings of Fact The petitioner is an individual who has been a resident of Pittsburgh, Pennsylvania, at all times material hereto. He filed his income tax return for the calendar year 1929 with the collector of internal revenue for the twenty-third district of Pennsylvania at Pittsburgh *50 on or before March 15, 1930. The notice of deficiency in this case was mailed on April 15, 1943. The Commissioner, in that notice, explained in part as follows: Your taxable net income for the year 1929 has been determined to be $41,138.00, comprising the following items: Salaries received
$23,000.00
Business income received
8,500.00
Dividends received
9,948.00
Directors' fees received
60.00
Total
$41,508.00
Less: Contributions
370.00
Taxable net income
$41,138.00
The deficiency in tax computed on the basis of the aforesaid taxable net income amounts to $2,382.78. As you did not file an income tax return for the year 1929, a delinquency penalty (25%) in the amount of $595.70 has been imposed. Opinion MURDOCK, Judge: The petitioner admits, or at least does not deny, that he received most of the income upon which the Commissioner has based his determination. The contention of the petitioner is that he reported all of that income, together with other items of income, deductions, and credits, on a return which he filed for 1929 on or before March 15, 1930, with the collector of internal revenue for the twenty-third district of Pennsylvania at Pittsburgh. *51 He admits that he has paid no income tax for 1929 because the return which he filed showed no tax to be due. No contention is made that the time for determining a deficiency was ever extended by waivers or that the petitioner filed a false and fraudulent return for 1929. The notice of deficiency was not mailed until 1943. The petitioner argues that the statutory period for determining a deficiency against him for the year 1929 had expired long before the Commissioner made that determination. The petitioner is obviously correct if he filed a return for 1929 in March 1930. Also, in that case the 25 per cent addition to the tax for failure to file a return would not apply. Thus, the whole case turns upon whether or not the petitioner filed the return. The determination of that question from this record is not easy. There is evidence that the records of the office of the collector at Pittsburgh do not show that any return was ever filed. Yet that evidence does not exclude the possibility that the petitioner delivered his return, properly executed, to the office of the collector on or before March 15, 1930. This would not be the first time that a document of that kind had been lost in *52 a collector's office without trace. The petitioner has testified positively and without equivocation that he made out his return and delivered it, properly executed, to the office of the collector of internal revenue at Pittsburgh on or shortly before March 15, 1930. He says he remembers this because of certain circumstances connected with it. He placed the return in an envelope and delivered it along about 8 o'clock in the evening. His testimony on this point was not weakened on cross-examination. This evidence has been carefully considered in the light of other evidence showing the practice followed generally in the office of the collector at Pittsburgh. We do not find sufficient reason to believe that the petitioner was mistaken in his recollection or to disbelieve his testimony. All of the other evidence is circumstantial in character. The petitioner admits that he does not have a copy of his return and he has not produced any worksheets used in preparing it. But he has explained that prior to about 1934 he did not always retain a copy of his return and, of course, a long time has elapsed, so it is not particularly significant that the petitioner does not produce a retained *53 copy or worksheets. Since the return showed no tax due, he, of course, has no cancelled check for the payment of any tax. The petitioner filed returns for every year beginning at least as early as 1917 and continuing on down to the present time. The 1929 return is the only one, so far as this record shows, which the Commissioner does not have in his possession. Some of those returns showed tax due while others showed no tax due. They were all filed in the collector's office at Pittsburgh. The Bureau investigated a number of them, both before and after 1929, and determined deficiencies in some cases. The Commissioner and his representatives have known that year after year throughout this period the petitioner has consistently received substantial amounts of gross income. There was a statement on the petitioner's return for 1930 advising the Commissioner that a return for 1929 had been filed with the collector at Pittsburgh. The practice of the Bureau has been to request a taxpayer such as this one to file a return promptly after any omission to file has been discovered, and it has authority to file a return for the taxpayer if he fails to comply with the request. [1] There is some *54 evidence, although it is not very definite, that the absence of the return was noted several years after it was due. The record does not show that the Bureau ever filed a return on behalf of this petitioner or ever specifically requested him to file a return for 1929. There is evidence to show that the petitioner believed, and had some reason to believe, at the time his return for 1929 was due, that he was entitled to deductions and credits which would offset his income. It is not unreasonable to believe that his return for 1929 might have shown no tax due and might have satisfied the Commissioner. The petitioner is, and has been for many years, an attorney-at-law with an office in Pittsburgh. He is experienced in tax matters. He has been enrolled to practice before this Court since February 10, 1930, and has appeared as counsel in a number of cases. The following quotation from the respondent's brief is apropos: It must be remembered that petitioner is not a novice in income tax matters, nor was he in 1929 and 1930. A *55 member of the bar, he was and is an eminently successful and intelligent practitioner, not only in his chosen profession, but in various business enterprises. (R. 77) He handled the tax matters of the several companies with which he was associated. (R. 77) The breadth of his business experience is amply shown by the substance of his testimony in this case; his ability was displayed in his handling of the mass of documents he offered in evidence, his grasp of the issues and his cleverness in dealing with them. He had been long trained in business affairs and methods. * * * He began filing income tax returns for himself in 1917. (Exhibit E) Prior and subsequent to 1929 it was by no means novel for the petitioner to have his returns audited by the Commissioner, have his books examined and go to the various Bureau offices with respect to his tax liability. The petitioner, when his return for 1929 was due, was well aware of the fact that his income for that year was sufficient to require the filing of a return; the various corporations from which he received compensation and dividends were required by law to report those payments to the Commissioner; [2] payments of legal fees to him *56 might come to the attention of the Commissioner through deductions for expenses taken by his clients on their returns; and, from his past experience, that an investigation of his tax liability for 1929 would probably be made by the Bureau. It is argued with force that such a man would not deliberately interrupt his systematic course of conduct in filing annual tax returns by omitting the return for the single year 1929. We have considered all of the evidence, not only the portion discussed herein, but also every other part. We have considered the various possibilities in the light of the other possibilities. We have come to the conclusion and have made a finding that the petitioner filed a return, as he said he did. The statutory period for assessing and collecting the tax as provided in section 275(a) of the Revenue Act of 1928 is "within two years after the return was filed." In view of the fact that the respondent does not claim that any of the exceptions to this rule apply, that is, he does not claim that the period was ever extended by waivers or that the return as filed was false and fraudulent, it follows that the deficiency *57 was determined too late, and it also follows that there is no penalty for failure to file. Discussion and decision of the alternative issues raised by the petitioner becomes unnecessary. There is one matter however, which perhaps should be clarified. The respondent stated that the purpose in filing his amended answer was to raise "an affirmative issue involving the assertion of the 50 per cent penalty prescribed by section 293(b) of the Revenue Act of 1928." It sould be borne in mind that the respondent is not claiming in this amendment one of the exceptions to the running of the two-year period of limitations for assessment and collection under section 276(a) on the ground that the return filed was false and fraudulent with intent to evade tax. He has consistently contended that no return was ever filed and he has never made the point that the return filed was false and fraudulent with intent to evade tax so as to prevent the running of the statute of limitations. Section 293(b), to which he refers, provides: "If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be *58 assessed * * *." There is no specific allegation in the amended answer that a part of the deficiency is due to fraud with intent to evade tax. There are allegations that the petitioner received compensation for services of certain stated amounts from five named corporations; he reecived "dividends amounting to $9,948 on stocks of domestic corporations"; he received "taxable net income for the year 1929 in the amount of $41,138"; he failed to file an income tax return reporting the income thus described; and his failure to file a return and report the income was due to fraud with intent to evade tax. It is not sufficient under the rule of the Court for the respondent to state merely that the petitioner received taxable income in a certain amount or even that he received dividends in a certain amount. He must be more specific in order that his adversary may know how to prepare his defense. It must be borne in mind that the respondent has the burden of proof on this issue. The finding that a return was filed is fatal to his contention. Also, he has failed to show that there was any deficiency, and, finally, decision on this issue is unnecessary in view of our decision that the statute *59 of limitations has run. Decision will be entered for the petitioner. Footnotes
1. Revenue Act of 1928, section 619, amending Revenue Act of 1926, section 1103, which amended R.S. 3176, now section 3612, I.R.C.↩
2. Sections 148 and 149, Revenue Act of 1928.↩